**McDERMOTT WILL & EMERY LLP**
Ludia Kwon (SBN 335577)
lkwon@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 788 4125
Facsimile: +1 310 317 5221

Attorneys for Defendants
WALT DISNEY PARKS AND RESORTS
US, INC., DISNEY PARKS,
EXPERIENCES, AND PRODUCTS, THE
WALT DISNEY COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY M. DUNTON,<br><br>Plaintiff,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS US, INC., DISNEY PARKS, EXPERIENCES, AND PRODUCTS, THE WALT DISNEY COMPANY, DOES 1-100, INCLUSIVE.<br><br>Defendants. | Case No.<br><br>**DEFENDANTS WALT DISNEY PARKS AND RESORTS US, INC.'S, DISNEY PARKS, EXPERIENCES, AND PRODUCTS', AND THE WALT DISNEY COMPANY'S NOTICE OF REMOVAL**<br><br>Complaint Filed: November 11, 2022 |

DEFENDANTS' NOTICE OF REMOVAL

Defendants Walt Disney Parks and Resorts U.S., Inc., Disney Parks, Experiences and Products, LLC, sued herein as Disney Parks, Experiences and Products, and The Walt Disney Company (collectively, "Defendants")[1] seek to remove this case, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division (Los Angeles), because this Court has original federal question jurisdiction over Plaintiff Kasey M. Dunton's ("Plaintiff") claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and supplemental jurisdiction over his California statutory law claims. In support of their notice of removal, Defendants state and allege the following:

1. On November 7, 2022, Plaintiff filed a complaint (the "Complaint") against Defendants and Does 1 to 100, Inclusive, in the Superior Court of the State of California, County of Los Angeles. A true and correct copy of the Complaint is attached as **Exhibit A**.

2. The Complaint, Summons and Civil Cover Sheet were served on Defendants on January 18, 2023. Each true and correct copy of the Complaint, Summons and Civil Cover Sheet served on Walt Disney Parks and Resorts U.S., Inc., Disney Parks, Experiences and Products, LLC, and The Walt Disney Company is attached as **Exhibits B-D**, respectively.

3. Walt Disney Parks and Resorts U.S., Inc, Disney Parks, Experiences and Products, LLC, and The Walt Disney Company, each filed an answer to the Complaint on February 9, 2023. Walt Disney Parks and Resorts U.S., Inc, Disney Parks, Experiences and Products, LLC, and The Walt Disney Company's answers are

---

[1] The two defendants identified in the Complaint, Disney Parks, Experiences and Products, LLC and The Walt Disney Company, are not the correct parties; the owner and operator of the Disneyland Resort and Walt Disney World Resort is Walt Disney Parks and Resorts U.S., Inc.

attached as **Exhibit E-G**, respectively. All other pleadings and orders in the state court action are attached as **Exhibit H**.

4. Plaintiff alleges in the Complaint that he has a "disability that affects his neurological and special sense organs" and that Defendants have failed to provide him reasonable accommodations in violation of Title III of the ADA. Exhibit A, Compl. ¶ 5 & pp. 27-29. He also asserts state law claims under California's Unruh Civil Rights Act, California Civil Code § 51 *et seq.* ("Unruh Act") and the California Disabled Persons Act, California Civil Code § 54 *et seq*. ("CDPA"). *Id*. ¶ 5 & pp. 29-31.

5. As set forth below, removal of this action is proper because: (i) Defendants have complied with the statutory requirements for removal; (ii) venue is proper in this District; (iii) the Court has original federal question jurisdiction over Plaintiff's ADA claim; and (iv) the Court has supplemental jurisdiction over Plaintiff's Unruh Act and CDPA claims.

### I.     Defendants Complied with the Statutory Requirements for Removal

6. Defendants' removal of this action is timely. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." The 30-day period runs from the date the Complaint was formally served on the Defendants. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Defendants were each served with a summons and complaint on January 18, 2023, and this notice of removal is filed within 30 days of that date.

7. Pursuant to 28 U.S.C. § 1446(a), Defendants are simultaneously filing a copy of all process, pleadings, and orders in the state court action.

8. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide notice of this removal to Plaintiff and will file a written notice of this removal with the Superior Court of the State of California, County of Los Angeles.

## II. Venue Is Proper in This District

9. Pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), venue lies in, and this case properly may be removed to, the United States District Court for the Central District of California because this case is in the Superior Court of the State of California for the County of Los Angeles, which is located within this District.

## III. This Court Has Original Federal Question Jurisdiction Over Plaintiff's ADA Claim

10. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."

11. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12. Plaintiff's Complaint contains a federal cause of action under the ADA, which is written into the United States Code. Exhibit A, Compl. at 27 (citing 42 U.S.C. § 12131, *et seq.*). Accordingly, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's ADA claim arises under the laws of the United States. *See*, *e.g.*, *Chavira v. El Rancho Unified Sch. Dist.*, 2015 WL 6957990, at *3 (C.D. Cal. Nov. 9, 2015).

## IV. This Court Has Supplemental Jurisdiction Over the Remaining Claims

13. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the actions within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

14. Plaintiff's remaining claims relate to and emanate from alleged visits to the Disneyland Resort and Walt Disney World Resort, during which Plaintiff claims

that Defendants' conduct violated Title III of the ADA. *See* Exhibit A, Compl. ¶ 5 & pp. 27-29. The Court has supplemental jurisdiction over Plaintiff's state-law claims because they are so related to his federal ADA claim as to "form part of the same case or controversy under Article III of the United States Constitution," and because they are substantially to and arise out of the same nucleus of operative facts as Plaintiff's federal ADA claim such that they should all be tried together in one action. *See, e.g., Chavira*, 2015 WL 6957990, at *4 (denying motion for remand, and exercising supplemental jurisdiction over plaintiffs' California statutory and common law claims because "the gravamen of Plaintiffs' entire complaint is the allegation that . . . the defendants discriminated against disabled students by failing to provide equal access to a swimming pool" (internal quotations omitted)). Considerations of convenience, judicial economy, and fairness to the litigants also strongly favor this Court exercising jurisdiction over all of Plaintiff's claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1996).

## V. Removal is Proper

15. In light of the foregoing, this action may be removed to this Court in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a) because: (i) this action is pending within the jurisdiction of the United States District Court for the Central District of California; (ii) Plaintiff's ADA claim is brought under the laws of the United States; and (iii) Plaintiff's state-law claims form part of the same case or controversy as his federal ADA claim.

16. This action is therefore properly removed to this Court from the Superior Court of the State of California for the County of Los Angeles.

## VI. Reservation of Rights

17. Nothing in this notice of removal is intended to waive any defense or affirmative right that Defendants have or may have against Plaintiff or any of the allegations set forth in his Complaint.

///

18. If any question should arise concerning the propriety of the removal of this action, Defendants request the opportunity to brief and otherwise address any disputed question that this action is removable.

## CONCLUSION

19. For all of the foregoing reasons, Defendants remove this action from the Superior Court of the State of California for the County of Los Angeles to this Court.

Dated: February 10, 2023

Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

By: /s/ Ludia Kwon
Ludia Kwon
Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS US, INC., DISNEY PARKS, EXPERIENCES, AND PRODUCTS, THE WALT DISNEY COMPANY.